UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KELLY MAUREEN STACK,

Plaintiff,

v.

**DECISION AND ORDER**
12-CV-1031S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

1. Plaintiff Kelly Maureen Stack challenges an Administrative Law Judge's ("ALJ") decision, dated May 20, 2011, wherein the ALJ determined that Plaintiff was not disabled under sections 216(I), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on August 19, 2009, alleging a disability beginning on April 8, 2009. She now contends that the ALJ's determination is not based upon substantial evidence, and reversal is warranted.

2. Plaintiff's applications were both initially denied on January 19, 2010. Plaintiff was granted a hearing on that denial and on May 4, 2011, she and a vocational expert testified before the ALJ. The ALJ issued a decision denying Plaintiff's application for supplemental security income on May 20, 2011, and the Appeals Council denied Plaintiff's request for review on August 30, 2012, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on October 25, 2012.

3. Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on May 9 and May 22, 2013, respectively. Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir.

1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of

Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national

economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since April 8, 2009, her alleged onset date (R. 26);[1] (2) Plaintiff had the following severe impairments: orthostatic hypotension, palpitations, history of kidney stones, depressive disorder, a general anxiety disorder and a panic disorder with agoraphobia (R. 26); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 26-28); (4) Although Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, she nonetheless had the following nonexertional limitations: Plaintiff could only perform simple, routine, low stress tasks in a non-fast paced work environment and required limited contact with the public and coworkers (R. 28-32); and (5) Plaintiff was unable to perform any past relevant work, however, she had the capacity to perform other jobs, such as industrial cleaner, laborer, or fast food worker[2] (R. 32-34).

10. Plaintiff contends that the ALJ failed to apply the appropriate legal standards in evaluating the medical evidence, specifically in the failure to give appropriate weight to the opinions of Plaintiff's treating medical providers. The ALJ gave "little weight" to the opinions of treating psychiatrist Dr. Horacio Capote, MD, and counselor Joellen Dinse, MHCP. (R. 31). Dr. Capote's opinion on Plaintiff's work-related limitations was found to be

---

[1] Citations to the underlying administrative record are designated as "R."

[2] Although the vocational expert limited this position to "working in the back" with "no[] direct contact with the public," no similar limitation is noted in the ALJ's decision. (R. 33, 106-7.)

conclusory and without substantial support from the evidence in the record. (R. 31-32.) Initially, the ALJ is correct that this opinion is presented by way of a sparse checklist (R. 912-14), which without more could reasonably be found insufficient. Here, however, Dr. Capote's treatment records are also submitted. These records indicate that Plaintiff's anxiety was adversely affected by her medication, the type and dosage of which was a primary focus of her treatment with Dr. Capote from August 2009 through January 2011. (See R. 818, 820, 821, 829, 879, 881; see 881 (record notation that continued medication problems might require reassessment of diagnosis).) The ALJ's decision, although briefly noting the medication issue, does not discuss any reasons for discounting this apparent objective basis for Plaintiff's anxiety and mental limitations in her treatment records. Nor is there sufficient explanation why significant weight was instead given to the opinion of non-examining psychiatrist Dr. Hillary Tzetzo, whose conclusions are similarly presented in checklist form with only a brief summary of the medical records reviewed and no further supporting explanation.

Plaintiff's records from Horizon Health Services also reflect an unsuccessful treatment history of "antidepressants all of which were either ineffective or caused side effects." (R. 848-49, 855-56; see 850, 852 (possible bipolar disorder diagnosis and referral to partial hospitalization program).) Horizon counselor Joelle Dinse explained in her mental RFC questionnaire that the side effects from Plaintiff's medication were causing increased anxiety, resulting in difficulty in keeping appointments and a decrease in the ability to tolerate "normal" work demands. (R. 863-866.) Although the ALJ discredited Dinse's opinion in part because she was not an acceptable medical source under Social Security regulations, she was, at minimum, a treating counselor. Information from such a source, including opinions, may alone be insufficient to support a disabling impairment, but is

nonetheless "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06–03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006); Buck v. Colvin, No. 12-CV-857-JTC, 2014 WL 338841, *7 (W.D.N.Y. Jan. 30, 2014). Indeed, this information "may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06–03p, 2006 WL 2329939, at *2-3. Factors to be considered in evaluation of other source information include:

> [T]he nature and extent of the relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion.

SSR 06–03p, 2006 WL 2329939, at *4-5.

Here, however, the ALJ's rationale for marginalizing Dinse's opinion to the extent it conflicted with the ALJ's own RFC assessment (R. 32) is not readily apparent from the decision, particularly where Dinse's statements regarding adverse side effects are consistent with Dr. Capote's treatment records. See generally Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) (a reviewing court must be able to glean the rationale of an ALJ's decision from the record). Further, Dinse's opinion that Plaintiff's difficulty with scheduling may improve once her symptoms subside is not inconsistent with the notably equivocal conclusion of the consultative psychiatrist, given significant weight by the ALJ, that Plaintiff "*may* be able to maintain a regular schedule generally." (R. 812 (emphasis added).) Thus, without further explanation in his decision, it appears that the ALJ improperly glossed over evidence that did not support his RFC determination, as Plaintiff contends. See Lynch v. Astrue, No. 09-CV-0623, 2011 WL 2516213, *8 (W.D.N.Y. June

21, 2011) (improper to conclude without explanation that evidence is incredible because it is inconsistent with the evaluator's conclusion). Remand is therefore warranted for further proceedings and, if necessary, for further development of the record with respect to the treating sources' opinions.

11. In light of this conclusion, consideration of Plaintiff's remaining contentions regarding the ALJ's credibility assessment and the vocational expert's testimony is unnecessary.

12. For the foregoing reasons, the Court cannot conclude that the ALJ's determination is supported by substantial evidence. Plaintiff's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED;

FURTHER, that the decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with the above decision;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: May 30, 2014
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court